## In re Vera Brown, dependent girl.

### Gen. No. 11,627.

1. Parent—*extent of right of, to care for offspring.* The right of a parent primarily to care for and to bring up his child is not exclusive or final. In case the child is abandoned or neglected, or, what is worse, if its home becomes unfit therefor, the State has the right, and it is its duty, to take the child from its parents in order that it may have a chance to grow up into a law-abiding citizen.

2. Writ of error—*who cannot be made defendant in error to.* The petitioner or other instrument by which the Juvenile Court obtains jurisdiction of a dependent child cannot be made defendant in error to a writ of error sued out to review the action of the court with respect to such child.

Proceeding in Juvenile Court. Error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the March term, 1904. Writ of error dismissed. Opinion filed December 15, 1904.

Jay Warner, for plaintiff in error.

Mr. Presiding Justice Ball delivered the opinion of the court.

March 3, 1900, there was filed in the Circuit Court of Cook county, the petition of Martha P. Falconer, addressed to R. S. Tuthill, one of the judges of that court, representing to said judge that Vera Brown, a girl within that county, is dependent, and has not proper parental care; that her father's residence is unknown, and that her mother is not able to care properly for her; and asks that the court inquire into the alleged delinquency of said girl, etc., and make such order in the premises as may seem proper.

March 5, 1900, Carl Kelsey, "probationary officer," filed in said court a "history" concerning said Vera Brown, setting forth the same facts in substance as are shown in said petition, with the additional fact that said Vera Brown is eight years old.

On the last named date a hearing was had in said cause before a jury, which returned a verdict finding that said Vera Brown is a dependent; that her age is eight years, and that the other material facts set forth in the petition are true.

May 6, 1901, said Carl Kelsey, "probationary officer," filed in said court a paper called a "history," in which it is stated that said Vera Brown "was adjudged dependent March 8, 1901, and ordered kept at the Chicago Orphan Asylum pending further order of the court. The asylum now asks order giving them sole custody of child."

On the same day the court entered the following order:

"IN THE MATTER
OF             } No. 1,463.   Petition.
VERA BROWN.

This matter coming on again to be heard upon the petition herein, the verdict heretofore rendered on March 5, 1900, and the motion now made by Carl Kelsey, to award said child to the Chicago Orphan Asylum, and the court having examined the files herein, it is therefore

Ordered, that judgment be entered on the verdict heretofore rendered herein, whereupon it is considered by the court that the said child, Vera Brown, be, and she is hereby awarded to the Chicago Orphan Asylum, pursuant to Section 8 of an Act to regulate the treatment and control of dependent, neglected and delinquent children, approved April 21, 1899."

A record of which the above is a complete abstract, was filed in this court by Vera Brown, plaintiff in error, December 22, 1903. On the same day plaintiff in error sued out of this court a writ of *scire facias*, directed to Martha P. Falconer, defendant in error herein, commanding her to appear in this court at the March term, 1904, thereof, to hear

the record, etc. This writ was returned as duly served upon said Falconer, December 23, 1903. April 6, 1904, said Martha P. Falconer appeared in the cause specially, and moved to dismiss such writ of error as to her, said Falconer, for the reason that she is improperly made defendant in error herein. This motion was continued to the hearing of the cause. April 18, 1904, this court gave leave to Laura Brown to proceed in this cause as the next friend of said Vera Brown, plaintiff in error.

The act under which these proceedings were had is entitled " An Act to regulate the treatment and control of dependent, neglected and delinquent children," approved April 21, 1899, in force July 1, 1899. It is found in Starr & Curtis under the head of " Courts," and in Hurd under the head of " Charities." It applies to children under the age of sixteen years only. It declares that the words " dependent child " and " neglected child " shall mean any child who, for any reason, is destitute or homeless or abandoned or dependent upon the public for support; or has not proper parental care or guardianship, * * * or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian, or other person in whose care it may be, is an unfit place for such child. Original jurisdiction of all cases coming within the act is vested in the Circuit and County courts of the several counties in this state. In counties having over 500,000 population, the judges of the Circuit Court shall designate one or more of their number, whose duty it shall be to hear all cases coming under this act. This court may be designated as the " Juvenile Court; " and the findings of the court shall be entered in a book or books kept for that purpose, and known as the " Juvenile Record." Any reputable person, being a resident in the county, having knowledge of a child in his county who appears to be either neglected, dependent or delinquent, may file with the clerk of the court having jurisdiction in the matter, a verified petition in writing, setting forth the facts. Thereupon a summons shall be issued, requiring the person having the custody or control

of the child to produce it before the court. If necessary, such appearance may be enforced by warrant. Upon the return the court shall proceed to hear and determine the case in a summary manner. It shall be the duty of a probation officer, appointed under the act, to make such investigation as may be required by the court, to be present in court in order to represent the interests of the child when the case is heard; to furnish to the court such information and assistance as the judge may require; and to take charge of any child before and after the trial as may be directed by the court. If found dependent or neglected, the court may make an order committing such child to the care of some suitable State institution, or to the care of some reputable citizen of good moral character, or to the care of some training school or association embracing in its objects the purpose of caring for or obtaining homes for dependent or neglected children. It is also provided that when any child under the age of sixteen years is arrested or is taken before a justice of the peace or a police magistrate, the case shall be transferred to said Juvenile Court, and there heard and disposed of in the same manner as if the child had been brought before the court upon petition.

Section 21 reads : " This Act shall be liberally construed, to the end that its purpose may be carried out, to wit: that the care, custody and discipline of a child shall approximate as nearly as may be that which should be given by its parents, and in all cases where it can properly be done the child be placed in an improved family home and become a member of the family by legal adoption or otherwise." The act provides no method of procedure as to dependent or neglected children other than as above set forth.

The provisions of this humane law are not new in principle. The novelty is in procedure only. The State has always retained the ultimate control of minors. The right or duty of the parent primarily to care for and to bring up the child is not exclusive or final. In case the child is abandoned or neglected, or, what is worse, its home is unfit

for the child, the State has the right, and it is its duty, to take the child from the parents in order that it may have a chance to grow up into a law-abiding citizen. Without the aid of enabling statutes, this right in England and in this country is vested in the Court of Chancery. With us this right is necessary to the perpetuity of the government, since its safety and continuance depends upon the good character of the citizens into whose hands it must eventually fall.

By the Act, in counties having over 500,000 population, the disposition of such cases is vested in a court of original and general jurisdiction. That court is the protector and the defender as well as the disposer of the child. The court obtains jurisdiction by petition or by transfer from a justice of the peace or from a police magistrate. Each of these parties is but the instrument or agent of the court in bringing the facts of the case to the attention of the court. Such instrument or agent cannot be made a defendant in error. If this child has been wronged, it has been wronged by the State.

The motion of defendant in error to dismiss said writ of error as to her is allowed.

There being no defendant in error in this case, the writ of error is dismissed.

*Writ of error dismissed.*