## The People of the State of Illinois, Defendant in Error, v. Charles McDonald, Plaintiff in Error.

1. INFANTS—*summons to parent in proceeding to commit dependent and delinquent child.* A proceeding under the act to regulate the treatment and control of dependent, neglected and delinquent children in which a child was committed to the St. Charles School for Boys was void where the record failed to show that any summons was issued or served upon the mother of the child or that she had notice of the proceedings.

2. INFANTS—*necessity of issuance and service of summons in proceeding for commitment as delinquent.* The issuance and service of a summons upon defendant in a statutory proceeding for the commitment of a delinquent child is jurisdictional.

Error to the Circuit Court of Sangamon county; the Hon. J. B. WEAVER, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

A. MORRIS WILLIAMS, for plaintiff in error.

C. F. MORTIMER, for defendant in error; H. E. FULLENWIDER, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a petition was filed in the county court of Sangamon county on the 27th day of October, 1920, under section 4 of "An Act to regulate the treatment and control of dependent, neglected and delinquent children [Cahill's Ill. St. ch. 23, ¶ 322]," by W. McDonald, alleging that Charles McDonald, a male child, under the age of 15 years, within the county of Sangamon, was a delinquent child, within the meaning of the act referred to; and that said child, at that time, was in the custody and control of the sheriff, and residing in the jail annex; that Elizabeth McDonald was the mother of said child; that her residence was 1302 East McReynolds street; that the petitioner was the father of said child, residing at the same place. The petition

prays for a writ of summons, commanding the said W. McDonald and Lizzie McDonald, parents of said child, to personally appear before the court on the 30th day of October, 1920, at the hour of 10 a. m.; and that they then and there have the child in open court. On the 30th day of October the court heard the case and ordered that the care and custody of the child be left with the petitioner, Wm. McDonald, the father, until the further order of the court. On the 26th day of November, 1920, one B. L. Grant made an affidavit, stating that the service of summons would be ineffectual to secure the presence of said child in court because he was incorrigible, and therefore asked that a warrant issue pursuant to law, directed to the sheriff of Sangamon county, commanding him to bring the child before the court. Whereupon a warrant was issued, and the alleged delinquent child was brought into court. On the 27th day of November, following, by order of the court, the child was committed to the St. Charles School for Boys. A writ of error is now prosecuted to reverse the order of committal.

And it is urged, as a ground for reversal of the order, that no summons was issued or served upon Elizabeth McDonald, the mother of the alleged delinquent child. The statute requires that all persons named in the petition shall be made defendants, and shall be notified of such proceedings by summons. Chapter 23, section 4, Rev. St. [Cahill's Ill. St. ch. 23, ¶ 322]. The record does not show that any summons was issued or served upon the mother of the delinquent child, and, so far as the record shows, she had no notice of the proceedings. The issuance of a summons and service upon the defendant in proceedings of this character is jurisdictional. The proceeding is purely statutory, and all the requirements of the statute must be complied with to give the court jurisdiction to enter final judgment. The mother of the child had a right to be heard and contest at the hearing the

Third District—April, 1922.     · 449

entry of the order of committal. The judgment is therefore reversed and the cause remanded.

