(No. 29028.— )

THE PEOPLE *ex rel.* Henry Dickwisch, Plaintiff in Error,
*vs.* VIRGINIA RUFFCORN *et al.*, Defendants in Error.

*Opinion filed November 21, 1945.*

GEORGE F. BARRETT, Attorney General, and SAMUEL J.
NAYLOR, State's Attorney, of Carthage, for plaintiff in
error.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State on the relation of the plaintiff,
Henry Dickwisch, filed a verified petition in the county
court of Hancock county against the defendants, Chester
and Myrl Ruffcorn, and eight of their children under
eighteen years of age, charging that the latter were de-
pendent and neglected. The relief sought was the entry
of an order taking the children from their parents; de-
claring the children wards of the court to be awarded to
the guardianship of some suitable person or persons to be
appointed by the court as will best serve the interests of
the children themselves and the State, and authorizing and
empowering the person or persons to be appointed guard-
ians to consent to the adoption of the children. A jury
trial resulted in a verdict finding the issues in favor of
the defendants. Plaintiff's motions for a new trial and

in arrest of judgment were denied, and judgment was rendered on the verdict finding the minor defendants not dependent and neglected children. Plaintiff prosecutes this writ of error.

To obtain a reversal of the order of the county court, plaintiff charges errors in giving and refusing instructions, and contends that the verdict is against the manifest weight of the evidence and the law; that proper evidence was denied admission; that the guardian *ad litem* for the minor defendants improperly cross-examined plaintiff's witnesses, and that the motions for a new trial and in arrest of judgment should have been allowed. This proceeding was instituted conformably to the Juvenile Court Act. (Ill. Rev. Stat. 1943, chap. 23, pars. 190-220.) The last section of the statute provides, "Cases under this act may be reviewed by writ of error." It does not follow that a writ of error may be sued out of this court to review a proceeding instituted under the statute, as here. Cases involving the constitutional validity of the statute have been properly reviewed directly by this court. (*Lindsay* v. *Lindsay*, 257 Ill. 328; *Witter* v. *Cook County Comrs.* 256 Ill. 616.) Fact situations analogous to the facts in the present case resulted in appeals being properly taken to the Appellate Court in *In re Tilton*, 286 Ill. App. 388; *People* v. *Shine*, 271 Ill. App. 479; *People* v. *McDonald*, 225 Ill. App. 447, and *In re Brown*, 117 Ill. App. 332. No ground for this court's jurisdiction of a writ of error for a review of the record in the present cause is asserted, or suggests itself.

The cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*