*In re* JAMES J. *et al.*, Minors (James J. *et al.*, Minors, by their Guardian *ad litem*, Respondents-Appellants, v. The People of the State of Illinois, Petitioner-Appellee (Karen J. Taylor *et al.*, Respondents-Appellees)).

First District (2nd Division)   Nos. 1—88—3231, 1—88—3232, 1—88—3239 cons.

Opinion filed December 29, 1989.

DiVITO, J., dissenting.

Patrick T. Murphy, Public Guardian, of Chicago (Julie Biehl and Susan Pierce, of counsel), for appellants.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Deputy Supervisor, and Tracy Genesen, Assistant State's Attorney, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Aaron Meyers, Assistant Public Defender, of counsel), for appellees Karen J. Taylor and James Taylor.

JUSTICE HARTMAN delivered the opinion of the court:

Upon motion of the State's Attorney, petitions for adjudication of wardship filed on behalf of three minors were dismissed. The public guardian, as the minors' attorney and guardian *ad litem*, appeals that dismissal. The issues presented for review are whether (1) this appeal should be dismissed due to the public guardian's failure to proceed under Illinois Supreme Court Rule 306(a)(1)(v) (107 Ill. 2d R. 306(a)(1)(v)); and (2) the circuit court erred in dismissing the petitions to adjudicate wardship on the ground that it did not have the authority to require the State to prosecute the petitions.

On September 9, 1988, the Illinois Department of Children and

Family Services (DCFS) registered three petitions for adjudication of wardship for James J., Shawn J., and Jasmine J.[1] in the circuit court. Each petition was based on section 2—3(2)(a)(ii) of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 802—3(2)(a)(ii)) (Act).

At the initial hearing on September 28, 1988, in the circuit court, the office of the public guardian was appointed as attorney and guardian *ad litem* for the three minors. The public defender also was then appointed as attorney for the parents of the minors. The prosecutor, an assistant Cook County State's Attorney, subsequently moved to dismiss the petitions, based upon his previous discussion of the case with the DCFS and Department of Child Protection personnel. According to the State's Attorney, the conclusion reached by him and the case workers was that "this was apparently a one time incident in which the injury to one of the children was accidentally [*sic*] as a result of a family dispute" and unlikely to recur. The public guardian, however, objected to the motion to dismiss, suggested it was in the best interest of the minors to proceed on the petition, and urged that the court had the authority to order the State's Attorney to prosecute the petitions for adjudication of wardship.

Pursuant to the State's motion, the court dismissed the petitions without prejudice, reasoning that such a ruling was required under both the "separation of powers provision of the Constitution" and the Juvenile Court Act of 1987, which gave the State's Attorney exclusive authority to prosecute these cases. The court concluded that while it was permitted to direct the State's Attorney to file a petition, it was "without legal authority or precedent to require the State to proceed with the prosecution of this case."

From the dismissal without prejudice of the three petitions to adjudicate wardship, the minors, through the public guardian, appeal.

I

The public defender argues that this appeal should be dismissed, relying on Illinois Supreme Court Rule 306(a)(1)(v) (107 Ill. 2d R. 306(a)(1)(v)). Characterizing the dismissal without prejudice entered here as a nonfinal interlocutory order affecting the care and custody of minors, the public defender urges that the appeal be dismissed because the guardian failed to comply "with the rules governing such appeals."

■ The order dismissing the petition without prejudice was entered as a matter of law because the circuit court believed that it

---

[1]Jasmine J. also is referred to as "Yasmine" in the record.

lacked authority to require the State to proceed with the actions. The dismissal of the petition, in effect ordered as a matter of law, was final as to the minors. Any other conclusion would preclude the minors from ever challenging that ruling by the court. The cause has been properly appealed pursuant to Rule 301 (107 Ill. 2d R. 301), made applicable to this case by Rule 660(b) (107 Ill. 2d R. 660(b)).

II

■ The public guardian contends the circuit court erred in asserting it had no power under the constitutional principle of separation of powers to order the State to prosecute the petition, relying on *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 441 N.E.2d 54 (*Vazquez*), and section 2—13(1) of the Act (Ill. Rev. Stat. 1987, ch. 37, par. 802—13(1)). That section provides, in part:

"Any adult person, any agency or association by its representative may file, *or the court on its own motion* may direct the filing through the State's Attorney of a petition in respect of a minor under this Act." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 37, par. 802—13(1).)

The public guardian concludes that the court erred in dismissing the petition without a hearing on the underlying facts in mistaken reliance upon an "exclusive" discretion to prosecute on the part of the State's Attorney.

At issue in *Vazquez* was whether a court's order directing the State's Attorney to file a petition under the predecessor to section 2—13(1) (Ill. Rev. Stat. 1979, ch. 37, par. 704—1(1)) was void. The State challenged that section as an unconstitutional attempt to vest a court with power belonging exclusively to the executive branch, in violation of the principle of separation of powers. (*Vazquez*, 92 Ill. 2d at 149-50.) The supreme court noted that the aim of the statute is to "provide a number of avenues of access to the juvenile court for minors in need of its services," and held that the authorization in then-section 4—1(1), permitting the juvenile court to direct the State to file a petition on behalf of a minor, was not an impermissible exercise of executive powers by the judicial branch. (*Vazquez*, 92 Ill. 2d at 150-51.) In reaching its conclusion, the *Vazquez* court acknowledged a distinction between the decision of whether to initiate criminal prosecution or of what offense to charge from proceeding under the Act. The State's Attorney's office, as part of the executive branch of government, has exclusive discretion in the initiation and management of criminal prosecutions. (*People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 45, 445 N.E.2d 270.) The *Vazquez* court made the following observations per-

tinent to the issues here (*Vazquez*, 92 Ill. 2d at 150-51):

> "The filing of a petition in respect of a minor under the Juvenile Court Act is not a matter within the exclusive executive discretion of the State's Attorney. Any responsible adult having knowledge of the circumstances may file a petition under section 4—1 alleging a minor to be delinquent, dependent, neglected, or a minor in need of supervision. In addition, the Act authorizes probation officers to investigate and evaluate an allegation that a minor is delinquent, and to see to the filing of a petition where this is indicated. (Ill. Rev. Stat. 1979, ch. 37, par. 706—1(2)(a).) The aim of section 4—1 is to provide a number of avenues of access to the juvenile court for minors in need of its services. The petition is simply the means by which the juvenile court acquires official cognizance of the situation of the minor. (*People v. Piccolo* (1916), 275 Ill. 453, 455.) A person filing a petition is merely 'an agent of the court in bringing the facts of the case to the attention of the court.' *In re Brown* (1904), 117 Ill. App. 332, 336.
>
> The decision to file a petition, therefore, is not like the decision whether to initiate a criminal prosecution or what offense to charge, which are functions within the exclusive discretion of the State's Attorney; and the cases to this effect, cited by the State, are inapposite. (*People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531; *People v. Ruiz* (1979), 78 Ill. App. 3d 326; *People v. Rotramel* (1972), 5 Ill. App. 3d 196.) A petition under section 4—1 need not specify any proposed disposition of the minor; moreover, specific information is made for two or more petitions being filed in respect to the same minor at the same time. (Ill. Rev. Stat. 1979, ch. 37, pars. 704—1(3), 704—1(6).) We hold that section 4—1's authorization of the juvenile court to direct the filing of a petition in respect of a minor through the State's Attorney does not authorize an impermissible exercise by the judicial branch of powers belonging exclusively to the executive, and does not violate article II, section 1, of the Illinois Constitution."

In the instant case, the State's Attorney was amenable to filing the petitions, unlike *Vazquez*. The issue raised by the parties here is whether the State's Attorney can be ordered to proceed when he has decided to dismiss the petition. We need not go so far, however, since we find that the court erred in refusing to first consider the motion on its merits on the supposition that it had no authority to do so. We hold that the circuit court is required to consider on its

merits a motion to dismiss a petition for adjudication of wardship, whenever dismissal is deemed warranted by the State alone, because failure to do so overlooks the purposes behind the Act. The court's primary function is to make certain that the best interests of a minor, his family, and society are addressed. (Ill. Rev. Stat. 1987, ch. 37, par. 801—2; *In re C.T.* (1983), 120 Ill. App. 3d 922, 925, 458 N.E.2d 1089.) When presented with a motion to dismiss by the State, those interests hardly can be served when, as here, the court grants the motion without inquiring as to the factual or legal bases for the motion. To hold that section 2—13(1) authorizes the court to direct the filing of a petition through the State's Attorney, but has no role in determining the bases, or want thereof, for dismissing the petition makes access of a minor to the court system a mockery. The entire arsenal of statutorily authorized protections in furtherance of the minor's best interests becomes meaningless if, *pro forma,* the circuit court is reduced to the role of a rubber stamp when, for whatever reason, sufficient or not, arbitrary or not, capricious or not, the minor's access to the justice system revolves in and out of the courthouse doors without meaningful judicial review.

Precluding a court from considering on its merits a motion to dismiss a petition for adjudication of wardship removes an important procedural safeguard in assuring that those interests were served. The court here had an obligation to consider the merits of the motion to dismiss and evaluate whether dismissal was in the best interests of the minors, their family, and society, and should not have deferred automatically to the conclusion of the State's Attorney. Proceedings under the Act, being distinct from criminal prosecutions (*Vazquez,* 92 Ill. 2d at 150), require the circuit court to ensure that a dismissal of a petition to adjudicate wardship is in the best interests of the minors, their family, and society. This inquiry does not infringe on the executive authority of the State's Attorney's office to initiate and prosecute criminal matters. Nor is it intended to alter the State's Attorney's role as prosecutor. The inquiry, hearing the motion on its merits, simply enables a court to examine the State's Attorney's position and evaluate the State's position against the interests of the child involved. Only in this way can the court fulfill its role as *parens patriae* and satisfy its duty to enable a minor to receive the care and guidance which the Act provides. See *In re T.D.* (1980), 81 Ill. App. 3d 369, 372, 401 N.E.2d 275.

The court's declination to consider the merits of the motions to dismiss in this case was error and requires that we reverse and remand for proceedings consistent with this opinion. Whether a court

has the inherent power or statutory authority to direct the State to prosecute by denying such a motion is a matter which must await an appropriate case. *Cf. Sullivan v. Sullivan* (1982), 110 Ill. App. 3d 714, 442 N.E.2d 1348.

The contention by the public defender and the State that the circuit court's dismissal of the petitions was based upon the prosecutor's determination that the occurrence was isolated and unlikely to reoccur must be rejected. The record here indicates that the court never considered the facts underlying the motion to dismiss nor their merits. The court's decision was based upon its belief that it had no constitutional authority to deny the motion, and ruled solely on that understanding.

Reversed and remanded for further proceedings.

BILANDIC, P.J., concurs.

JUSTICE DiVITO, dissenting:

In my judgment, the public guardian's position in this case represents an unwarranted extension of *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 441 N.E.2d 54, and an impermissible intrusion by the judiciary into the executive branch of the government. I would affirm the judgment below and hold that the trial court cannot, consistent with the principle of separation of powers, order the State's Attorney to prosecute a Juvenile Court Act petition.

As noted by the majority, *Vazquez* holds only that the court can order the State's Attorney to *file* a Juvenile Court Act petition without violating the principle of separation of powers. In so holding, the *Vazquez* court expressly relied on the provisions of the Juvenile Court Act allowing "[a]ny responsible adult" to file a petition, authorizing probation officers to investigate and evaluate delinquency allegations, and generally "provid[ing] a number of avenues of access to the juvenile court for minors in need of its services." (*People ex rel. Davis v. Vazquez*, 92 Ill. 2d at 150-51.) Because the filing of a petition is not a matter within the "exclusive executive discretion of the State's Attorney," the court reasoned, the State's Attorney can be ordered to file a petition without violating the principles of separation of powers.

*Vazquez*, however, is not authority for the public guardian's position in this case. Unlike the filing of a petition, which, I must concede, is not within the exclusive control of the State's Attorney, the prosecution of a petition is an exclusively executive function. Section 2—13(1) of the Juvenile Court Act provides that, in addition to the

State's Attorney, "[a]ny adult person, any agency or association by its representative may file \*\*\* a petition in respect of a minor under [the] Act." (Ill. Rev. Stat. 1987, ch. 37, par. 802—13(1).) Once a petition has been filed, however, no person, agency, or association, other than the State's Attorney, is vested with authority to prosecute the petition, although the court may in its discretion allow private counsel or a special prosecutor to assist the State's Attorney. (See *In re Hillyer* (1980), 82 Ill. App. 3d 505, 403 N.E.2d 36; *In re Teague* (1966), 77 Ill. App. 2d 55, 221 N.E.2d 790; *In re Morris* (1947), 331 Ill. App. 417, 73 N.E.2d 337; *People v. Hinton* (1947), 330 Ill. App. 130, 70 N.E.2d 261.) Indeed, section 1—6 of the Act plainly provides that "[t]he State's Attorneys of the several counties shall represent the people of the State of Illinois in proceedings under this Act[.]" Ill. Rev. Stat. 1987, ch. 37, par. 801—6.

Thus, *Vazquez* is easily distinguished from the present case on the ground that the prosecution of a petition, as opposed to the mere filing of a petition, is the sole responsibility of the State's Attorney. For the same reason, the public guardian's reliance on *Sullivan v. Sullivan* (1982), 110 Ill. App. 3d 714, 442 N.E.2d 1348, is misplaced. That case, in my judgment, was wrongly decided because the court failed to recognize that *Vazquez* applies only to the filing of a petition, not to functions, like the prosecution of a petition, within the State's Attorney's exclusive domain.

Because the prosecution of a Juvenile Court Act petition is a matter within the exclusive executive discretion of the State's Attorney, I would accept the public defender's argument in this case, that the trial court was without constitutional authority to deny its motion to dismiss the petition. The contrary position is not only without support in the Act or in the case law, but would lead to awkward results. For example, if the State's motion to dismiss the petition were denied, the State would be compelled to prosecute a petition which it deemed to be without merit. In *Sullivan v. Sullivan* (1982), 110 Ill. App. 3d 714, 442 N.E.2d 1348, where the court ordered the State's Attorney to prosecute a petition for custody change based on parental neglect, the prosecutor, who sought to dismiss the action and refused to participate, became a party to the proceeding in name only. I do not believe, as the majority suggests, that the interests of the child are protected by this type of procedure. On the contrary, I believe that the interests of the child are better served by the refiling of a petition, if warranted, by the State's Attorney or any other person authorized to file a petition, and subsequent prosecution by a zealous State's advocate.

Finally, in my view, the majority's decision not to reach the issue

clearly raised on this appeal is unwarranted. The majority concludes only that the State's motion to dismiss the petition should have been considered on its merits. The majority apparently believes it is necessary for the court to hear the merits of the motion to protect the interests of the child. The same facts, however, which might warrant a denial of the motion could come to the court's attention by the initiation of another proceeding by any person authorized to file a petition. In my opinion, this procedure would adequately protect the interests of the child without any intrusion by the court on the State's Attorney's prosecutorial domain.

In any event, a hearing on the merits would plainly be a fruitless procedure if the trial court is without constitutional authority to deny the motion and compel prosecution of the case. On the other hand, constitutional considerations aside, if the court allows the motion following a hearing on the merits, appeals challenging the trial court's exercise of discretion would no doubt follow. The majority has offered no guidance with respect to the standard of proof required in the trial court or the standard of review on appeal. Indeed, I do not believe there is any authority for allowing appeals such as this one by the public guardian absent a grant of leave by this court.

For the foregoing reasons, I would affirm the judgment of the circuit court.