566 N.E.2d 1345 (1991)
142 Ill.2d 1
153 Ill.Dec. 239
In re J.J. et al., Minors
The People of the State of Illinois, Appellant and Cross-Appellee,
v.
Karen J.T. et al., Cross-Appellants and Appellees.
Nos. 69794, 69852.
Supreme Court of Illinois.
January 24, 1991.
*1346 Neil F. Hartigan, Atty. Gen., Springfield, and Cecil A. Partee, State's Atty., Chicago (Terence M. Madsen, Asst. Atty. Gen., Chicago, and Renee Goldfarb and Kenneth T. McCurry, Asst. State's Attys., of counsel), for the People.
Randolph N. Stone, Public Defender, Chicago (Aaron L. Meyers, Asst. Defender, of counsel), for cross-appellants and appellees.
Patrick T. Murphy, Public Guardian, Chicago, guardian ad litem, and Julie L. Biehl and Kathleen G. Kennedy, Asst. Public Guardians.
Justice CALVO delivered the opinion of the court:
On September 9, 1988, the Illinois Department of Children and Family Services registered three petitions for adjudication of wardship for James J., Shawn J., and Jasmine J. in the juvenile division of the circuit court of Cook County. Each petition was based on section 2-3(2)(a)(ii) of the Juvenile Court Act of 1987 (Ill.Rev.Stat. 1987, ch. 37, par. 802-3(2)(a)(ii)). Specifically, each petition alleged:
"The minor is abused in that his parent (or any person responsible for the minor's *1347 welfare, or any person who is in the same family or household as the minor, or any person who is a paramour of the minor's parent) creates a substantial risk of physical injury to such minor by other than accidental means which would be likely to cause death, disfigurement, impairment of emotional health, or loss or impairment of any bodily function in violation of Illinois Revised Statutes, Chapter 37, Section 2-3(2)(a)(ii)."
At the initial hearing on September 28, 1988, the circuit court appointed the office of the public guardian as attorney and guardian ad litem for the three minors. The public defender was appointed as attorney for the parents of the minors.
The assistant State's Attorney moved to dismiss the petitions, and the public guardian objected. The circuit court dismissed the petitions without prejudice because it concluded, under the doctrine of the separation of powers, it was "without legal authority or precedent to require the State to proceed with the prosecution of this case." The circuit court concluded that the legislature, through the Juvenile Court Act, directed "exclusive authority for prosecution of these kinds of cases in the Office of the State's Attorney."
The minors, through the public guardian, appealed, and the appellate court, one justice dissenting, reversed and remanded the cause for a hearing on the merits of the State's motion to dismiss. This court allowed both the State's and the parents' petitions for leave to appeal. 107 Ill.2d R. 315.
In this case, we must determine whether the doctrine of separation of powers precludes a juvenile court from hearing the merits of a State's motion to dismiss a petition filed pursuant to the Juvenile Court Act (Ill.Rev.Stat.1987, ch. 37, par. 801-1 et seq.) alleging abuse of a minor. The separation of powers clause provides, "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const.1970, art. II, § 1.
The appellate court reversed the circuit court's ruling that the circuit court lacked authority to hear the merits of the State's motion to dismiss. The appellate court held the circuit court was "required to consider on its merits a motion to dismiss a petition for adjudication of wardship, whenever dismissal is deemed warranted by the State alone, because failure to do so overlooks the purposes behind the [Juvenile Court] Act." 193 Ill.App.3d 75, 79-80, 140 Ill.Dec. 183, 549 N.E.2d 834.
The appellate court discussed People ex rel. Davis v. Vasquez (1982), 92 Ill.2d 132, 65 Ill.Dec. 262, 441 N.E.2d 54, in which this court held it was not an impermissible exercise of executive power by the judiciary for the juvenile court to direct the State's Attorney to file a petition for adjudication of wardship. The appellate court noted that proceedings under the Juvenile Court Act are distinct from criminal prosecutions, and "require the circuit court to ensure that a dismissal of a petition to adjudicate wardship is in the best interests of the minors, their family, and society." (193 Ill.App.3d at 80, 140 Ill.Dec. 183, 549 N.E.2d 834.) The appellate court concluded that a hearing on the merits of a motion to dismiss a petition for adjudication of wardship does "not infringe on the executive authority of the State's Attorney's office to initiate and prosecute criminal matters." (193 Ill. App.3d at 80, 140 Ill.Dec. 183, 549 N.E.2d 834.) The appellate court determined that a hearing on the merits of the motion to dismiss would "enable[] a court to examine the State's Attorney's position and evaluate the State's position against the interests of the child involved." 193 Ill.App.3d at 80, 140 Ill.Dec. 183, 549 N.E.2d 834.
The dissenting justice would have affirmed the circuit court's determination that the circuit court could not, consistent with the doctrine of separation of powers, order the State to prosecute a petition alleging abuse of a minor. The dissent concluded that Vasquez was distinguishable from the case at bar because "the prosecution of a petition, as opposed to the mere filing of a petition, is the sole responsibility of the State's Attorney." (193 Ill. App.3d at 82, 140 Ill.Dec. 183, 549 N.E.2d 834 (DiVito, J., dissenting).) According to *1348 the dissent, the prosecution of a Juvenile Court Act petition is a matter within the exclusive executive discretion of the State's Attorney.
The State is correct in noting that once a petition for adjudication of wardship is filed, the State becomes the real party in interest. (People v. Piccolo (1916), 275 Ill. 453, 114 N.E. 145.) It is the State's position that "[s]ince the People are the real party in interest in every proceeding brought under the Juvenile Court Act, the State's Attorney, and only the State's Attorney, has the duty and power to prosecute such actions. * * * The decision to proceed or not then becomes a matter of executive discretion."
The State is also correct in pointing out that the office of the State's Attorney enjoys wide discretion in both the initiation and management of criminal litigation. (People ex rel. Carey v. Cousins (1979), 77 Ill.2d 531, 539, 34 Ill.Dec. 137, 397 N.E.2d 809.) The exercise of discretion by the State's Attorney in matters concerning criminal litigation includes not only the choice of which of several charges may be brought against a defendant, but whether to prosecute at all. People ex rel. Daley v. Moran (1983), 94 Ill.2d 41, 46, 67 Ill.Dec. 790, 445 N.E.2d 270.
It is the responsibility and duty of the State's Attorney, and only the State's Attorney, to evaluate the evidence and reach a determination of whether and what charges may be criminally brought against a defendant. The court is not authorized to order a State's Attorney to file a criminal information or to file a specific charge against a defendant. (Moran, 94 Ill.2d at 46, 67 Ill.Dec. 790, 445 N.E.2d 270.) For the court to assume the role of prosecutor in a criminal matter and determine what criminal offense should be charged and to thereafter proceed with the disposition of that offense over the State's objection would be a violation of the constitutional doctrine of separation of powers. Moran, 94 Ill.2d at 46, 67 Ill.Dec. 790, 445 N.E.2d 270.
The State argues the doctrine of separation of powers would be abolished in juvenile cases if the court has authority to hear the merits of the State's motion to dismiss a petition alleging abuse of a minor in a juvenile proceeding. We do not agree. The doctrine of separation of powers commands that "the whole power of two or more of the branches of government shall not be lodged in the same hands." (In re Estate of Barker (1976), 63 Ill.2d 113, 119, 345 N.E.2d 484.) The doctrine of separation of powers was not designed to achieve a complete divorce among the three branches of government (Strukoff v. Strukoff (1979), 76 Ill.2d 53, 58, 27 Ill.Dec. 762, 389 N.E.2d 1170), nor does it require governmental powers to be divided into rigid, mutually exclusive compartments (Barker, 63 Ill.2d at 119, 345 N.E.2d 484). There are instances in which the separate spheres of governmental authority overlap. (County of Kane v. Carlson (1987), 116 Ill.2d 186, 208, 107 Ill.Dec. 569, 507 N.E.2d 482.) As this court noted in People v. Reiner (1955), 6 Ill.2d 337, 342-43, 129 N.E.2d 159, "The difficulty involved in classifying particular acts as exclusively legislative, executive or judicial has been frequently pointed out [citations], and that difficulty has prevented a doctrinaire interpretation of the constitutional provision [concerning separation of powers]."
That the State's Attorney has exclusive executive discretion in the initiation and management of criminal litigation does not require a different result. Dependency and neglect proceedings brought pursuant to the Juvenile Court Act are civil, not criminal, actions. (In re Fucini (1970), 44 Ill.2d 305, 255 N.E.2d 380.) The State does not act in an adversarial capacity against the minor, who is not being punished and is not regarded as a criminal. "Dependency and neglect cases are ordinarily instituted primarily because of the unwillingness or inability of parents or relatives to discharge their parental duties" (In re Urbasek (1967), 38 Ill.2d 535, 542-43, 232 N.E.2d 716), not "because of the child's misconduct" (Urbasek, 38 Ill.2d at 543, 232 N.E.2d 716). The minor is not being charged with a crime in a wardship proceeding and the *1349 State's Attorney is not called upon to exercise executive discretion in determining whether to initiate a criminal charge against the minor. Unlike criminal and delinquency proceedings, "dependency [and] neglect [proceedings] may appropriately be labelled `civil' proceedings both in the legal and lay sense of the word." Urbasek, 38 Ill.2d at 543, 232 N.E.2d 716.
The overriding purpose of the Juvenile Court Act is to ensure that the best interests of the minor, the minor's family, and the community are served. (Ill.Rev.Stat. 1987, ch. 37, par. 801-2(1).) As the State points out, not only the court but the State's Attorney is bound to act in furtherance of this purpose. The evil of a court's attempting to invade the exclusive executive discretion of the constitutional office of the State's Attorney in controlling the initiation and management of criminal litigation is absent in dependency and neglect proceedings, where both the State's Attorney and the court are charged with the duty of ensuring that, at each step of the wardship adjudication process, the best interests of the minor, the minor's family and the community are served.
Under the Juvenile Court Act, the circuit court has not only the authority but the duty to determine whether the best interests of the minor will be served by dismissing a petition alleging abuse of a minor. The legislature has determined that "[t]he State's Attorneys * * * shall represent the people * * * in proceedings under [the Juvenile Court] Act." (Ill.Rev.Stat.1987, ch. 37, par. 801-6.) The legislature has also determined that in all proceedings brought under the Juvenile Court Act, "the court may direct the course thereof so as promptly to ascertain the jurisdictional facts and fully to gather information bearing upon the current condition and future welfare of persons subject to [the Juvenile Court] Act." Ill.Rev.Stat.1987, ch. 37, par. 801-2(2).
At an adjudicatory hearing, the court shall "first consider only the question whether the minor is abused, neglected or dependent. The standard of proof and the rules of evidence in the nature of civil proceedings * * * are applicable to proceedings under this Article." (Ill.Rev.Stat. 1987, ch. 37, par. 802-18(1).) "After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is abused, neglected or dependent. If it finds that the minor is not such a person, the court shall order the petition dismissed and the minor discharged." Ill.Rev.Stat.1987, ch. 37, par. 802-21(1).
We hold that when the State moves to dismiss a petition alleging abuse of a minor, the circuit court shall consider the merits of the motion and determine, on the record, whether dismissal is in the best interests of the minor, the minor's family, and the community. Only in this way will the circuit court be able to fulfill its duty to ensure the best interests of the minor and "gather information bearing upon the current condition and future welfare of persons subject to [the Juvenile Court] Act." Ill.Rev.Stat.1987, ch. 37, par. 801-2(2).
In reaching its decision, the appellate court stated a hearing on the merits of a motion to dismiss is necessary to allow a court to "fulfill its role as parens patriae and satisfy its duty to enable a minor to receive the care and guidance which the Act provides." (193 Ill.App.3d at 80, 140 Ill.Dec. 183, 549 N.E.2d 834.) The dissent disagreed; the dissent suggested the interests of a minor are better served by the refiling of a petition after dismissal "and subsequent prosecution by a zealous State's advocate." (193 Ill.App.3d at 82, 140 Ill.Dec. 183, 549 N.E.2d 834 (DiVito, J., dissenting).) The dissent appears to believe this to be so because "[t]he same facts * * * which might warrant a denial of the motion could come to the court's attention by the initiation of another proceeding by any person authorized to file a petition. * * * [T]his procedure would adequately protect the interests of the child without any intrusion by the court on the State's Attorney's prosecutorial domain." 193 Ill.App.3d at 83, 140 Ill.Dec. 183, 549 N.E.2d 834 (DiVito, J., dissenting).
We do not agree that this remedy adequately protects a minor's right of access *1350 to the protective services of the juvenile court. If the court is without authority to inquire into the factual or legal bases for the dismissal of the petition, and if the facts are such that they would warrant a denial of the motion to dismiss, the court would be required to act against the best interests of the minor if the court were to allow dismissal of the petition. The minor's right of access to the juvenile court would depend upon the refiling of a petition alleging the same facts which would warrant the denial of the motion to dismiss in the first instance. This places the minor in a precarious position: his or her right of access to the juvenile court would depend upon the refiling of the petition, an event which may or may not occur. It would also depend upon the fortuitous event of the case's being assigned to a State's advocate other than the advocate who had already reached the erroneous conclusion that the interests of the minor would best be served by dismissing the petition.
The majority declined to address the issue whether, after a hearing, the court may deny the motion to dismiss and order the State's Attorney to proceed on the wardship petition. The dissent criticized the majority's refusal to reach this issue. According to the dissent, a hearing on the merits would "be a fruitless procedure if the trial court is without constitutional authority to deny the motion and compel prosecution of the case." (193 Ill.App.3d at 83, 140 Ill.Dec. 183, 549 N.E.2d 834 (DiVito, J., dissenting).) We agree.
Under the Juvenile Court Act, both the State's Attorney and the juvenile court are charged with acting in the best interests of the minor. Prosecution of a petition alleging abuse of a minor, when supported by the evidence, is the responsibility of the State's Attorney. Determining whether the petition may be dismissed that is, determining whether the best interests of the minor will be served by dismissal of a petition alleging abuseis the responsibility of the juvenile court. After hearing the evidence, if the circuit court determines, in the exercise of its discretion, that the best interests of the minor will be served by dismissal of the petition, it should allow the State's motion to dismiss. If the circuit court determines the best interests of the minor will not be served by the dismissal, the State's motion should be denied, and the State shall proceed on the petition.
The State also argues that the circuit court is prohibited from hearing the merits of a motion by the State to dismiss a petition alleging abuse of a minor under the provisions of the Civil Practice Law. The State contends that since proceedings under the Juvenile Court Act are civil, the State, as plaintiff, has an absolute right to a voluntary dismissal. (Ill.Rev.Stat.1987, ch. 110, par. 2-1009(a).) We find the State's contention unpersuasive. In an abuse and dependency proceeding pursuant to the Juvenile Court Act, the State is under an obligation to act in the best interests of the minor who is the subject of the proceeding. A plaintiff in a civil case is under no such obligation. Under the Juvenile Court Act, the circuit court may only allow the State's motion to dismiss if to do so serves the best interests of the minor.
The parents argue that this appeal should be dismissed, relying on Supreme Court Rule 306(a)(1)(v) (107 Ill.2d R. 306(a)(1)(v)). The parents contend that the dismissal-without-prejudice order entered by the circuit court is a nonfinal interlocutory order affecting the care and custody of unemancipated minors, and the appeal should be dismissed because the public guardian failed to comply with the rules governing such appeals. We agree with the appellate court that the dismissal of the petition was final to the minors. The public guardian has properly appealed pursuant to Rule 301 (107 Ill.2d R. 301) made applicable to this case by Rule 660(b) (107 Ill.2d R. 660(b)).
For the foregoing reasons, the judgment of the appellate court is affirmed.
Affirmed.
BILANDIC, HEIPLE and FREEMAN, JJ., took no part in the consideration or decision of this case.