*In re* R. D. H., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. D. H., Respondent-Appellant.)

Fourth District   No. 15027

Opinion filed February 7, 1979.

TRAPP, J., dissenting.

Richard J. Wilson and Gregory K. Harris, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The case concerns venue requirements for delinquency proceedings under the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—6(1)).

Respondent R. D. H., a minor, in appealing orders of the circuit court of Champaign County (1) adjudging him to be a delinquent and making him a ward of the court, and (2) committing him to the Department of Corrections, Juvenile Division, asserts that the proceedings were heard in a court of improper venue. We agree. Because we deem this issue dispositive, we need not consider his other claims of error.

A tedious summary of the proceedings involved is necessary to explain the issue. On August 22, 1977, respondent was adjudged by the circuit court of Champaign County to be a delinquent and on September 30, 1977, put on probation and ordered placed with the Department of Children and Family Services (DCFS) of the State for placement at the Illinois Soldiers and Sailors Children's Home at Normal. Richard S. Laymon, guardianship administrator of DCFS, was appointed his guardian. On April 21, 1978, a petition alleging commission by the respondent of an act of delinquency in McLean County and requesting that he be declared a ward of the court was filed in the circuit court of McLean County. On April 24, 1978, pursuant to a motion by the State, the venue of the latter proceedings were transferred by that court to the circuit court of Champaign County.

Upon receiving the file from the McLean court, those documents were filed in the same Champaign County proceeding in which respondent had previously been declared a delinquent. On May 4, 1978, the Champaign court (1) overruled respondent's objections to the venue of that court, (2) denied respondent's motion to transfer the case back to the McLean court, and (3) permitted Assistant State's Attorney Mark Lipton to file an amended supplemental petition alleging the same acts of delinquency as set forth in the McLean County petition and requesting a new finding that respondent was a delinquent. On May 8, an adjudicatory hearing was held and respondent was again found to be delinquent and

the wardship of the court was ordered to continue. On May 31, 1978, a dispositional hearing was held and respondent was committed to the Department of Corrections, Juvenile Division.

Respondent maintains that both his constitutional and statutory venue rights were violated by proceeding in Champaign County on a supplemental petition requesting a new determination of delinquency.

The claim of a violation of respondent's constitutional right is based upon his theory that the provisions of the Illinois Constitution of 1970, article I, section 8, providing a defendant charged with a crime the right to a jury trial in the county where the offense is alleged to have occurred, is applicable to juvenile delinquency proceedings as well. Because the new acts of delinquency of which respondent was charged were alleged to have occurred in McLean County, respondent argues that he had a constitutional right to have his juvenile hearings in the circuit court of McLean County. This constitutional argument is raised for the first time on appeal. Because we find the proceedings in Champaign County to have violated the statutory venue provisions, we elect not to decide the constitutional question.

Section 2—6(1) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—6(1)) places the venue for delinquency proceedings in the county where (1) the offense occurred, (2) the respondent resides, (3) the minor is found, or (4) the court whose order is alleged to be violated is located. Had the supplemental petition been brought pursuant to section 5—3(3) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(3)) charging a violation of the conditions of defendant's probation for the acts alleged to have been committed in McLean County, a violation of an order of the circuit court of Champaign County would have been charged and a venue in that court would have been proper. As it was, no order of the Champaign court was alleged to have been violated and it cannot be accurately claimed that respondent was found in Champaign County for he was in McLean County when taken into custody.

Thus, in order for the Champaign court to have been a court of proper venue, respondent must have resided in Champaign County. At the time of the argument on respondent's motions challenging the venue in the Champaign court, the petitioner there relied upon respondent's residence being in Champaign County because that was the county of residence of his father and a former custodian. However, contemporaneous with a ruling by the court denying respondent's challenge to the venue, petitioner amended the petition he had been given leave to file by stating that respondent resided in the Champaign County Detention Center and thus abandoned any claim that respondent's residence was that of his father or other custodian.

■■ The definition of the word "residence" as applied to section 2—6(1) has not been ruled upon by a court of review. However, in other contexts the word has been defined in a manner to indicate a relatively permanent habitat (see *Routt v. Barrett* (1947), 396 Ill. 322, 71 N.E.2d 660; *Stein v. County Board of School Trustees* (1967), 85 Ill. App. 2d 251, 229 N.E.2d 165, *aff'd* (1968), 40 Ill. 2d 477, 240 N.E.2d 668). Respondent could not have been made a resident of Champaign County by having been transferred, while in custody, to a temporary detention facility in the county.

■■ ■ We conclude that statutory venue was not properly alleged or shown here. The procedure to accomplish that here would have taken place by the filing of a petition under section 5—3(3). A ruling that a ward of a court is, because of his wardship, a resident of the county of that court would not be logical and is not required to enable the court to maintain control over its wards.

The adjudicatory and dispositional orders appealed are reversed. The case is remanded to the circuit court of Champaign County with directions that an order be entered transferring back to the McLean County Circuit Court the proceedings originally transferred by that court to Champaign County.

Reversed and remanded with directions.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:
This dissent expresses concern at the apparent anomaly in ruling that a minor may be simultaneously a ward of the court in two or more separate counties. The possible conflict in the judicial determination of appropriate disposition and care of the minor would require substantial exploration.

In the context of venue, article 1, section 8 of the Illinois Constitution of 1970 concerns only the right to trial by jury. The supreme court has determined that the failure to provide a jury in juvenile matters does not violate the Illinois Constitution, or the due process and equal protection clauses under the Constitution of the United States. *In re Presley* (1970), 47 Ill. 2d 50, 264 N.E.2d 177; *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024.

Section 2—6(2) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—6(2)) provides:
"If proceedings are commenced in any county other than that of the minor's residence, the court in which the proceedings were initiated may *at any time before* or *after adjudication of wardship*
.

transfer the case to the county of the minor's residence by transmitting to the court in that county an authenticated copy of the court record, including all documents, petitions and orders filed therein, and the minute orders and docket entries of the court. Transfer in like manner may be made in the event of a change of residence from one county to another of a minor concerning whom proceedings are pending." (Emphasis supplied.)

The statute provides that a wardship continues until the minor is discharged or becomes of age. (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(3), 705—7(5).) Champaign County was undoubtedly the proper place of "venue" at the time of the initial orders of wardship and placement. That venue was established upon the then residence of the minor. It seems reasonable to conclude that such venue continues until Champaign County transfers the case to another county as provided in the last sentence of section 2—6(2). Despite any intervening travel incident to "placement" for purposes of custody or other care, it seems reasonable to conclude that as long as he was a ward of the court, Champaign should always have jurisdiction.

The majority opinion notes that:

"Respondent could not have been made a resident of Champaign County by having been transferred, while in custody, to a temporary detention facility in the county."

The record discloses that the minor was in McLean County by reason of being "placed" there in a facility upon the authority of section 5—2(a) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(a)). A placement in McLean County under court order contradicts the concept of the minor's residence in that county. This is particularly true since the court in Champaign County had a continuing jurisdiction to modify its order or change the placement any time prior to or after the filing of the McLean County charges.

While the opinion speaks of the vagaries of the allegations made in the present proceedings, a court should not create a new "round-about" in venue through construction of a statute which is difficult at best.

I would affirm the order of the trial court.