VIKING DODGE INCORPORATED, Plaintiff-Appellee, v. DAVID HOFF-MAN, Defendant-Appellant.

Third District    No. 3—85—0770

Opinion filed September 23, 1986.

Louis R. Bertani, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellant.

Roman R. Okrei, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The trial court denied the defendant's, David Hoffman's, motion to quash an alias summons filed by the plaintiff, Viking Dodge Incorporated, with the Illinois Secretary of State. The defendant appeals. We reverse.

In 1982, while the defendant was attending college in Arizona, the plaintiff attempted to serve him with a summons at his parents' Joliet, Illinois, home. A sheriff's deputy returned the summons unserved because the defendant was "away at school. Present address unknown."

The plaintiff next attempted to serve the defendant by registered mail. The second summons was returned unopened with the notation "no longer at this address" written on the envelope.

The plaintiff then filed with the Illinois Secretary of State a copy of the summons and complaint pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 10—301), which allows for service of process on a nonresident. On December 23, 1982, a default judgment was entered against the defendant.

On February 11, 1985, the defendant filed a special and limited appearance and a motion to quash the summons and vacate the default judgment. In the defendant's affidavit in support of his motion, he stated that he always went home to Joliet during the holidays, that at all times since becoming eligible to vote he had maintained his voter registration in Illinois, and that Joliet had been his home since 1964. The only record evidence that the defendant was not a resident of Illinois, other than the failed process services, was a 1984 financial-aid application which he filled out with his Arizona residence. That application showed his educational expenses as computed on a resident basis.

Without a hearing, the trial court denied the defendant's motion to quash the summons and vacate the default judgment. The defendant argues on appeal that the trial court erred. We agree.

A party claiming substituted service under section 10—301

of the Illinois Vehicle Code must demonstrate strict compliance with every requirement of the statute. Substituted service on the Secretary of State pursuant to this statute will confer no jurisdiction over the person of an Illinois resident. (*Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 464 N.E.2d 1112.) For purposes of complying with section 10—301, the term "residence" is synonymous with "domicile." Once Illinois residence of the party to be served has been established, the burden of proof is on the party claiming substituted service based upon a change in residence. Temporary absence from the State, no matter how protracted, does not equate with abandonment of residence. (*Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 453 N.E.2d 74.) The four elements required for a change of domicile are physical abandonment of the first domicile; an intent not to return to the first domicile; physical presence in the new domicile; and an intent to make that one's domicile. *Stein v. County Board of School Trustees* (1967), 85 Ill. App. 2d 251, 229 N.E.2d 165, *aff'd* (1968), 40 Ill. 2d 477, 240 N.E.2d 668.

■ In the instant case, the only facts supporting the plaintiff's argument that the defendant was a nonresident were the defendant's temporary absence from Illinois while attending college and the financial-aid application filed more than one year after the contested service of process. On the other hand, the allegations of the defendant's motion to quash and supporting affidavit, his voter registration, his return to Illinois whenever school was not in session, and his subsequent permanent return to Illinois show that he neither abandoned his Illinois residence nor formed the requisite intent to make Arizona his domicile. We find that the defendant was a resident of Illinois when the plaintiff filed its summons with the Illinois Secretary of State. Accordingly, the plaintiff did not comply with the requirements of section 10—301. The trial court therefore erred in denying the defendant's motion to quash the summons and vacate the default judgment. Under our authority pursuant to Supreme Court Rule 366 (87 Ill. 2d R. 366), we quash the summons and vacate the default judgment.

The judgment of the circuit court of Will County is reversed.

Judgment reversed.

SCOTT, P.J., and HEIPLE, J., concur.