PET RESCUE, INC., Plaintiff-Appellant, v. LYNN QUIGLEY DOHERTY, Director of Employment Security, *et al.*, Defendants-Appellees.

Second District    No. 2—98—0083

Opinion filed February 1, 1999.

John H. Redfield and Thomas F. Arends, both of Richard M. Colombik & Associates, P.C., of Schaumburg, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Sally A. Swiss, Assistant Attorney General, of counsel), for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Pet Rescue, Inc., appeals from an order of the circuit court of Du Page County that resolved plaintiff's administrative review action. Plaintiff raises two issues on appeal: (1) whether the trial court erred in ruling that plaintiff waived its argument that previous decisions rendered by defendant the Department of Employment Security (Department) were invalid because the Department failed to conduct hearings in the proper county, and (2) whether the trial court

erred when it affirmed the Department's denial of plaintiff's request for the waiver of certain penalty payments. We affirm.

Plaintiff's complaint sought judicial review of a decision rendered by the Department on October 1, 1996. That decision denied plaintiff's request for the waiver of penalties that the Department had imposed on plaintiff in three prior decisions issued in 1993 and 1995.

In each of the prior decisions, the Department affirmed a determination and assessment based on plaintiff's failure to pay contributions that it was required to pay under the Unemployment Insurance Act (Act) (820 ILCS 405/100 *et seq.* (West 1996)). The prior decisions pertained to various periods from the first quarter of 1990 through the fourth quarter of 1994. In each of the prior decisions, the Department determined that plaintiff was required to pay contributions that it owed for the period in question plus penalties and interest on the amount owed. We initially recite the relevant aspects of the procedural history of the prior decisions as revealed by the record.

On January 14, 1992, the Department sent plaintiff written notification of a determination and assessment of unpaid contributions for the period from the first quarter of 1990 through the fourth quarter of 1990. Plaintiff filed a timely protest and petition for hearing on the ground that it was a charitable organization and therefore was not required to pay unemployment contributions. In a decision dated June 22, 1993, the Department ruled that plaintiff's petition did not state a sufficient basis for a hearing and that the determination and assessment was affirmed. Plaintiff did not file a timely objection to or complaint seeking judicial review of the Department's June 22, 1993, decision.

On January 4, 1994, the Department sent plaintiff written notification of a determination and assessment of unpaid contributions for the period from the first quarter of 1992 through the third quarter of 1992. This determination and assessment was subsequently combined with another determination and assessment for the period from the fourth quarter of 1992 through the third quarter of 1993. Plaintiff filed a timely protest and petition for hearing stating that an auditor from the Department had informed plaintiff that it was exempt from unemployment payments. A hearing was scheduled for June 9, 1994, in Chicago and later rescheduled to July 13, 1994, in Chicago.

Plaintiff's president and its attorney appeared at the July 13, 1994, hearing in Chicago. The transcript of the hearing shows that the matter was continued until August 11, 1994, so that plaintiff could submit certain documents to the hearing officer. The hearing officer advised plaintiff that if he received the documents then the August 11 hearing would be canceled. The record shows that plaintiff did not

submit the documents and did not appear for the August 11 hearing. The matter was later rescheduled several times. On January 25, 1995, after plaintiff failed to appear for a hearing scheduled for January 17, 1995, in Chicago, the Department issued a written decision affirming the determinations and assessments. Plaintiff did not file a timely objection to or complaint seeking judicial review of the Department's January 25, 1995, decision.

On June 27, 1995, the Department sent plaintiff written notification of a determination and assessment of unpaid contributions for the period from the first quarter of 1994 through the fourth quarter of 1994. Plaintiff filed a timely protest and petition for hearing on the ground that it had been informed that it was exempt from making payments. Plaintiff also submitted a check in the amount of $1,500 to the Department under protest. A hearing on the matter was scheduled for September 15, 1995, in Chicago. Plaintiff did not appear for the hearing. On September 15, 1995, the Department issued a written decision affirming the determination and assessment. Plaintiff did not file a timely objection to or complaint seeking judicial review of the September 15, 1995, decision.

At some point, which is not clear from the record, plaintiff requested the waiver of penalties that the Department had assessed against it for the nonpayment of required contributions for quarters in the period from the first quarter of 1990 through the fourth quarter of 1993. On December 25, 1995, the Department issued orders denying plaintiff's request for the waiver of the penalties. Plaintiff filed a timely appeal from these orders. On August 16, 1996, the Department affirmed the orders denying plaintiff's request for the waiver of the penalties. In a letter dated August 19, 1996, plaintiff sought a hearing, deletion of its existing liability, and that it be allowed to select a "specific payment method." The Department construed the letter as an objection to the affirmation of the orders. Plaintiff's letter indicated that the basis of its objection was that an unspecified hearing had been held in Cook County rather than Du Page County.

On October 1, 1996, the Department issued a decision affirming the denial of plaintiff's request to waive penalties. The decision stated that plaintiff's objection on the ground that "hearings" with respect to assessments that became final in 1993 and 1995 should have been held in Du Page County did not set forth a basis upon which relief could be granted.

On October 31, 1996, plaintiff filed its complaint for administrative review in the circuit court. In supporting briefs, plaintiff contended, *inter alia*, that the Department's assessments against it for the period from the fourth quarter of 1990 through the fourth quarter

of 1993 were void because hearings regarding the assessments were not held in the appropriate county, Du Page County.

On November 19, 1997, the trial court conducted a hearing on the matter. The trial court construed plaintiff's argument as one of improper venue and ruled that plaintiff waived the argument by not raising objections to venue in the administrative proceedings. The trial court also ruled that plaintiff was not entitled to the waiver of penalties. The trial court then entered an order affirming the Department's October 1, 1996, decision. Plaintiff's timely appeal followed.

■ On appeal, plaintiff again contends that the Department's determinations and assessments against it for the period from the fourth quarter of 1990 through the fourth quarter of 1993 were void because hearings on those determinations and assessments were not conducted in the appropriate county, Du Page County. In support of its position, plaintiff cites section 2203 of the Act (820 ILCS 405/2203 (West 1996)) which provides, in relevant part, that all hearings on determinations and assessments of contributions:

> "[S]hall be held in the county wherein the employing unit has its principal place of business in this State, provided that if the employing unit has no principal place of business in this State, such hearing may be held in Cook County, provided, further, that such hearing may be held in any county designated by the Director if the petitioning employing unit shall consent thereto."

In plaintiff's view, determinations and assessments are null and void if the Department does not strictly comply with section 2203 and conduct hearings on determinations and assessments in the county where the employing unit has its principal place of business. Based on this view, plaintiff argues that the decisions rendered by the Department on June 23, 1993, January 25, 1995, and September 15, 1995, were null and void because the Department did not conduct hearings on these matters in Du Page County, where plaintiff has its principal place of business.

The Department responds that the trial court correctly determined that plaintiff waived the issue of venue. The Department asserts that venue is not jurisdictional and that improper venue therefore does not result in a void determination. The Department contends that a party claiming improper venue must make timely objections to the perceived improper venue or the issue is waived. The Department argues that plaintiff waived the issue when it failed to make timely objections to any perceived improper venue.

■ Plaintiff's contention of error has two elements. First, plaintiff implies that section 2203 requires that the Department must conduct

a hearing in order for a determination and assessment to be valid. However section 2725.270 of title 56 of the Illinois Administrative Code (Code) (56 Ill. Adm. Code § 2725.270 (eff. October 30, 1989)) plainly authorizes the Department to issue a decision without a hearing where certain conditions are met. Plaintiff does not argue that section 2725.270 is invalid or that the conditions set out in section 2725.270 were not met. Accordingly, plaintiff's bald assertion that the Department's decisions were void simply because they were rendered without a hearing fails.

■ Plaintiff next asserts that the hearings that the Department conducted or scheduled were void because they occurred or were scheduled to be held in a county other than Du Page County, the county where plaintiff has its principal place of business. Plaintiff is correct that section 2203 of the Act provides that the Department must conduct hearings on matters such as those in question in the county where the employing unit has its principal place of business. Moreover, it is undisputed that any relevant hearings that did occur or were scheduled in this case were not conducted or scheduled to be held in Du Page County but were conducted in and scheduled to be held in Chicago.

Nonetheless, we cannot agree with plaintiff that the hearings in question were therefore void. In the first place, as plaintiff concedes in its appellate briefs, in at least one instance, a hearing was scheduled in Chicago for the convenience of plaintiff's attorney. The record does not clearly establish the hearing in question. However, the Department asserts that this occurred when plaintiff was represented by attorney James W. Hulbert, who had offices in Chicago. The record contains a letter dated June 2, 1994, from attorney Hulbert to the Department requesting a continuance of a hearing scheduled in Chicago. The letter shows that Hulbert's office is in Chicago. The hearing was rescheduled for July 13, 1994. That is the only hearing at which plaintiff appeared.

Section 2203 plainly provides that a hearing may be held in any county designated by the Director if the petitioning employing unit consents to the hearing being held in that county. 820 ILCS 405/2203 (West 1996). Therefore, whatever hearing was held in Chicago at plaintiff's request would be valid even though it was not held in Du Page County.

Furthermore, even if plaintiff had not requested that a hearing or hearings be held in Chicago, plaintiff has waived the issue of proper venue. Objections to venue in judicial proceedings are waived in the absence of a timely motion to transfer venue. *Sullivan v. Sullivan*, 110 Ill. App. 3d 714, 719 (1982). We believe this principle also applies in

administrative proceedings. If a party was allowed to petition for a change of venue after failing to timely object to perceived improper venue, the party could wait to see whether the tribunal was favorably disposed toward him before seeking a change of venue. See *Hartnett v. Stack*, 241 Ill. App. 3d 157, 167 (1993).

In this case, plaintiff did not object to or seek to change venue during the administrative proceedings. The trial court therefore correctly decided that plaintiff waived any objection to improper venue that it might otherwise have had.

■ Plaintiff next contends that the trial court erred when it affirmed the Department's decision to deny plaintiff's request for the waiver of the penalties that the Department imposed on plaintiff in its prior decisions. Plaintiff argues that it was entitled to the relief it requested on equitable grounds and that the trial court should have reversed the Department's decision on that basis.

The Department responds that waiver of the penalties was not appropriate because plaintiff did not satisfy the requirements for waiver. We agree.

Section 2765.68 of title 56 of the Code (56 Ill. Adm. Code § 2765.68 (eff. September 27, 1994)) governs the waiver of penalties assessed on employers. Section 2765.68 provides, in relevant part, that the Department shall waive a reporting penalty if the "delinquent report is the employer's first such late report during the last 20 calendar quarters." 56 Ill. Adm. Code § 2765.68(a)(2) (eff. September 27, 1994).

In this case, as the Department notes and plaintiff does not contest, plaintiff had many late reports in the 20 quarters prior to its request for the waiver of penalties. Thus the trial court did not err when it affirmed the Department's decision to deny plaintiff's request for the waiver of the penalties.

Based on the forgoing, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and RAPP, JJ., concur.