# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Cain v. Hamer*, 2012 IL App (1st) 112833

---

| | |
|---|---|
| Appellate Court Caption | TYLER R. CAIN and TALBOT D. CAIN, Plaintiffs-Appellees and Cross-Appellants, v. BRIAN HAMER, in his official capacity as DIRECTOR, ILLINOIS DEPARTMENT OF REVENUE; THE ILLINOIS DEPARTMENT OF REVENUE; and JUDITH BAAR TOPINKA, in her official capacity as STATE TREASURER of the State of Illinois, Defendants-Appellants and Cross-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-11-2833 |
| Filed | July 16, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the relevant factors supported the conclusion that plaintiffs had abandoned Illinois and were Florida residents for purposes of the Illinois Income Tax Act during the tax years at issue, they were entitled to summary judgment on their complaint seeking a declaration that they were not required to pay resident Illinois income taxes for those years. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-050986; the Hon. Elmer J. Tolmaire III, Judge, presiding. |
| Judgment | Affirmed; cross-appeal dismissed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Timothy K. McPike, Assistant Attorney General, of counsel), for appellants. |
| | Reed Smith LLP, of Chicago (Michael J. Wynne, Michael D. Richman, and Adam P. Beckerink, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion. |
| | Justices Karnezis and Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendants, the Illinois Department of Revenue (Department), the Department's Director Brian Hamer, and Illinois State Treasurer Judith Baar Topinka, appeal the decision of the circuit court granting summary judgment to the plaintiffs, Tyler and Talbot Cain, on their complaint for a declaration that they are not required to pay resident Illinois income taxes for the years from 1996 through 2004. On appeal, the parties dispute whether the plaintiffs qualified as Illinois residents during the relevant time period. The plaintiffs have also cross-appealed to argue that, in the event they were residents during the relevant time period, the Department should be barred from collecting their taxes due to certain procedural infirmities. For the reasons that follow, we affirm the judgment of the circuit court on the defendants' appeal, and we dismiss the plaintiffs' cross-appeal as moot.

¶ 2    In August 2006, the Department sent the plaintiffs a notice of tax deficiency, which asserted that the plaintiffs owed $1,842,582 in unpaid income taxes and penalties for the years from 1996 through 2004. After submitting payment under protest, the plaintiffs filed a complaint seeking a declaration that they were not Illinois residents during the disputed period. Prior to filing cross-motions for summary judgment, the parties stipulated to the facts of the case.

¶ 3    As the stipulation recites, the plaintiffs married "46 years ago" (approximately 1964, by the date of the stipulation's filing) and began living in Illinois, where Mr. Cain worked as a self-employed trader at the Chicago Board of Options Exchange until 1990. They lived in their longtime Illinois home until 1995, when they purchased another lot in Illinois as part of a plan to sell their old home and build a smaller one. They eventually abandoned that plan, and, in August 1995, began work on an addition to their longtime Illinois home.

¶ 4    In November 1995, the plaintiffs executed and filed in Florida a "declaration of domicile" indicating that they had changed their domicile from Illinois to a Florida home they had constructed in 1990. In the document, the plaintiffs renounced their Illinois residency and declared themselves Florida residents. In 1995 and 1996, the plaintiffs

obtained permanent-resident identification cards in Florida. The plaintiffs also held Florida drivers' licenses, voted in Florida, and received Florida jury duty summonses in the relevant time period, and Mr. Cain held a Florida firearm license. They had newspapers delivered to their Florida residence, and Mr. Cain used a cellular telephone with a Florida area code. They also purchased burial plots in Florida.

¶ 5        During the relevant period, the plaintiffs developed relationships with several medical professionals in Florida, but they also continued relationships with Illinois doctors. Likewise, the plaintiffs retained legal advisors in both states. They used Illinois income tax preparers to help them file their federal tax returns, and they made political contributions to Illinois and national candidates, and some other-state candidates, but no Florida candidates.

¶ 6        During the relevant period, the plaintiffs divided their time between Illinois and Florida, with only minimal variation in the time allotment from year to year. In 1996, for example, they spent 159 days in Florida, 161 in Illinois, and 45 elsewhere, while, in 2004, the plaintiffs spent 170 days in Florida, 171 in Illinois, and 24 elsewhere. In total, from 1996 through 2005, the plaintiffs spent 1,700 days in Florida, 1,666 in Illinois, and 284 elsewhere. Testimonial evidence indicated that the plaintiffs had a pattern of going to Florida near the end of October, returning to Illinois for the Christmas holiday, then returning to Florida until May of each year.

¶ 7        The stipulation cites the plaintiffs' July 2001 through August 2004 credit card statements as showing that "73% of their expenditures were made outside of Illinois, and they were making those expenditures outside of Illinois 61% of the time." The plaintiffs maintained private club memberships in both states: their expenditures at those clubs for the years 2003 through 2007 totaled approximately $236,000 for the Illinois clubs and $422,500 for the Florida clubs. Mrs. Cain participated in a Florida bridge club, and the plaintiffs were members, board members, or committee members of several organizations in both Florida and Illinois. They attended regularly scheduled meetings at clubs in both states.

¶ 8        Mrs. Cain, an interior designer, renewed her Illinois interior designer license throughout the relevant period, and, on her renewal forms, she did not indicate that her address had changed. However, she never used her decorator's license for business in either Illinois or Florida.

¶ 9        Although the plaintiffs owned companies during the relevant period, they had limited involvement in those companies. They also controlled a foundation that made charitable donations in both Florida and Illinois, but Mr. Cain was shifting the contributions to focus more on Florida charities.

¶ 10       After considering the parties' cross-motions for summary judgment based on these stipulated facts, the circuit court ruled that the plaintiffs were "mere seasonal visitors," not residents, of Illinois. Accordingly, the circuit court granted the plaintiffs' motion for summary judgment and denied the defendants' cross-motion. Because there were other matters pending at the time, including claims for discovery sanctions against the defendants, the circuit court entered a finding that there was no just reason to delay enforcement or appeal of its summary judgment order. See Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). The defendants now appeal.

¶ 11    On appeal, the defendants argue that the circuit court erred in granting the plaintiffs' motion for summary judgment and ruling that they did not owe Illinois income tax from 1996 through 2004. "Summary judgment is proper where 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Empress Casino Joliet Corp. v. Giannoulias*, 231 Ill. 2d 62, 68-69, 896 N.E.2d 277 (2008) (quoting 735 ILCS 5/2-1005(c) (West 2000)). "We review the circuit court's grant of summary judgment *de novo*." *Empress Casino*, 231 Ill. 2d at 69.

¶ 12    The parties spend some effort disputing the burden of proof applicable to the plaintiffs in this case. The dispute, however, is somewhat misdirected. "[T]he term 'burden of proof' encompasses both the burden of producing evidence that will satisfy a judge of the existence of an alleged fact and the burden of persuading the trier of fact that the alleged fact is true." *Franciscan Sisters Health Care Corp. v. Dean*, 95 Ill. 2d 452, 462, 448 N.E.2d 872 (1983). Here, there are no disputed facts. The parties stipulated to all the relevant facts and submitted the matter to the court for a legal decision. To the extent the stipulated facts establish the plaintiffs' change of residence as a matter of law, the plaintiffs have carried any burden of proof assigned to them. Thus, this burden-of-proof question is no more than a reframing of the real issue on appeal: whether, under the stipulated facts, the plaintiffs were obligated to pay Illinois income tax from 1996 through 2004. We address that issue now.

¶ 13    Section 201(a) of the Illinois Income Tax Act (Act) (35 ILCS 5/201(a) (West 2010)) imposes an income tax "on the privilege of earning or receiving income in or as a resident of this State." The parties focus their arguments on the question of whether the plaintiffs were Illinois residents during the relevant time period. Although there are many Illinois decisions defining the concept of residency in several different contexts, those decisions are not controlling here. As explained in the Department's regulations related to the Act, "[t]he term 'resident' is defined differently for different purposes. For example, an individual may be a 'resident' for Illinois income tax purposes but not a 'resident' eligible to vote." 86 Ill. Adm. Code 100.3020(i) (2012).

¶ 14    In lieu of citing unrelated case law, the parties rely primarily on the controlling statutes and regulations. The first of those statutes, section 1501(a)(20)(A) of the Act, defines the word "resident" as "an individual (i) who is in this State for other than a temporary or transitory purpose during the taxable year; or (ii) who is domiciled in this State but is absent from the State for a temporary or transitory purpose during the taxable year." 35 ILCS 5/1501(a)(20)(A) (West 2010). The Act further explains the term "resident" in section 1501(a)(17), which defines the term "part-year resident" as follows:

"The term 'part-year resident' means an individual who became a resident during the taxable year or ceased to be a resident during the taxable year. Under Section 1501(a)(20)(A)(i) residence commences with presence in this State for other than a temporary or transitory purpose and ceases with absence from this State for other than a temporary or transitory purpose. Under Section 1501(a)(20)(A)(ii) residence commences with the establishment of domicile in this State and ceases with the establishment of domicile in another State." 35 ILCS 5/1501(a)(17) (West 2010).

¶ 15    The Department's regulations expound on these definitions of "resident":

"The purpose of the general definition is to include in the category of individuals who are taxable on their entire net income, regardless of whether derived from sources within or without Illinois, all individuals who are physically present in Illinois enjoying the benefit of its government, except those individuals who are here temporarily, and to exclude from this category, all individuals, who, although domiciled in Illinois, are outside Illinois for other than temporary and transitory purposes, and, hence, do not obtain the benefit of Illinois government. If an individual acquires the status of a resident by virtue of being physically present in Illinois for other than temporary or transitory purposes, he remains a resident even though temporarily absent from Illinois. If, however, he leaves Illinois for other than temporary or transitory purposes, he thereupon ceases to be a resident. If an individual is domiciled in Illinois, he remains a resident unless he is outside Illinois for other than temporary or transitory purposes." 86 Ill. Adm. Code 100.3020(b).

¶ 16    Under the above statutory and regulatory language, individuals are considered Illinois residents if they are present in the state for other than a "temporary or transitory purpose" or are "domiciled" in Illinois but leave for a temporary or transitory purpose. 35 ILCS 5/1501(a)(20)(A) (West 2010). If individuals leave the state for other than a temporary or transitory purpose, or establish domicile elsewhere, they cease to be Illinois residents. 35 ILCS 5/1501(a)(17) (West 2010). The plaintiffs here were admittedly Illinois residents prior to their move to Florida in 1995. The questions for us are whether their move to Florida constituted a change in domicile or a departure from Illinois for "other than a temporary or transitory purpose" so that they lost their Illinois residency, and, conversely, whether their periodic returns to Illinois were for "other for a temporary or transitory purpose" so that they should be classified as Illinois residents.

¶ 17    We begin by examining whether the plaintiffs can be said to have changed their domicile to Florida. Although the Act does not define the term "domicile," the Department's regulations do:

"Domicile has been defined as the place where an individual has his true, fixed, permanent home and principal establishment, the place to which he intends to return whenever he is absent. It is the place in which an individual has voluntarily fixed the habitation of himself and family, not for a mere special or limited purpose, but with the present intention of making a permanent home, until some unexpected event shall occur to induce him to adopt some other permanent home. Another definition of 'domicile' consistent with the above is the place where an individual has fixed his habitation and has a permanent residence without any present intention of permanently removing therefrom. An individual can at any one time have but one domicile. If an individual has acquired a domicile at one place, he retains that domicile until he acquires another elsewhere. Thus, if an individual, who has acquired a domicile in California, for example, comes to Illinois for a rest or vacation or on business or for some other purpose, but intends either to return to California or to go elsewhere as soon as his purpose in Illinois is achieved, he retains his domicile in California and does not acquire a domicile in Illinois. Likewise, an individual who is domiciled in Illinois and who leaves the state

-5-

retains his Illinois domicile as long as he has the definite intention of returning to Illinois. On the other hand, an individual, domiciled in California, who comes to Illinois with the intention of remaining indefinitely and with no fixed intention of returning to California loses his California domicile and acquires an Illinois domicile the moment he enters the state. Similarly, an individual domiciled in Illinois loses his Illinois domicile:

  1) by locating elsewhere with the intention of establishing the new location as his domicile, and

  2) by abandoning any intention of returning to Illinois." 86 Ill. Adm. Code 100.3020(d).

¶ 18 As the defendants observe in their brief, this definition of "domicile" closely tracks the definition Illinois law ascribes the term generally. See, *e.g.*, *Viking Dodge Inc. v. Hoffman*, 147 Ill. App. 3d 203, 205, 497 N.E.2d 1346 (1986) ("The four elements required for a change of domicile are physical abandonment of the first domicile; an intent not to return to the first domicile; physical presence in the new domicile; and an intent to make that one's domicile."). Here, there is no dispute that, in 1995, the plaintiffs physically left their Illinois home, renounced their Illinois residency, physically moved to Florida, and declared Florida their domicile. The difficulty comes in determining whether the plaintiffs "abandon[ed] any intention of returning" to their Illinois home.

¶ 19 After their move, the plaintiffs split their time roughly equally between the two states. Thus, in some sense, the plaintiffs have maintained an intent to return to both Illinois and Florida for approximately half of their time throughout the relevant period. However, as the regulations explain, individuals may have only one domicile, and none of the parties propose that the plaintiffs' domicile alternated between the two states. Accordingly, this concept of "intent to return" cannot govern our result. Instead, we rely on the concept of domicile as an intended permanent home (and of "return" as a permanent, indefinite, or lengthy return). In that sense, the plaintiffs chose Florida as their domicile. Although they maintained contacts and memberships (and real property holdings) in Illinois after their 1995 move, the plaintiffs changed their voter registrations to Florida, paid Florida income taxes, obtained residency cards and drivers' licenses in Florida, and even filed a declaration of their Florida residency. Thus, the plaintiffs' intent is quite clear: they wished to establish Florida as their permanent residence in 1995, even though they planned to keep ties in Illinois and have regular seasonal visits. That is, the plaintiffs intended to live in Florida for half the year and visit Illinois, not the other way around.

¶ 20 Our conception of "domicile" finds harmony with the regulatory explanation of the other major component of a residency analysis under the Act: the idea of individuals' presence in, or departure from, the state being for a "temporary or transitory purpose." The Department's regulations define this phrase at some length:

"Whether or not the purpose for which an individual is in Illinois will be considered temporary or transitory in character will depend upon the facts and circumstances of each particular case. It can be stated generally, however, that if an individual is simply passing through Illinois on his way to another state, or is here for a brief rest or vacation, or to complete a particular transaction, or perform a particular contract, or fulfill a particular

engagement, which will require his presence in Illinois for but a short period, he is in Illinois for temporary or transitory purposes, and will not be a resident by virtue of his presence here. If, however, an individual is in Illinois to improve his health and his illness is of such a character as to require a relatively long or indefinite period to recuperate, or he is here for business purposes which will require a long or indefinite period to accomplish, or is employed in a position that may last permanently or indefinitely, or has retired from business and moved to Illinois with no definite intention of leaving shortly thereafter, he is in Illinois for other than temporary or transitory purposes, and, accordingly, is a resident taxable upon his entire net income even though he may also maintain an abode in some other state." 86 Ill. Adm. Code 100.3020(c).

¶ 21    This prefatory portion of the regulatory definition provides us little guidance. The plaintiffs' presence in Illinois was not "simply passing through ***, here for a brief *** vacation, or to complete a particular transaction," or the like, nor was their presence "long or indefinite" or "permanent[ ] or indefinite[ ]." 86 Ill. Adm. Code 100.3020(c). The regulations follow, however, with several helpful illustrations:

"1) Example 1. X is domiciled in Fairbanks, Alaska, where he had lived for 50 years and had accumulated a large fortune. For medical reasons, X moves to Illinois where he now spends his entire time, except for yearly summer trips of about three or four months duration to Fairbanks. X maintains an abode in Illinois and still maintains, and occupies on visits there, his old abode in Fairbanks. Notwithstanding his abode in Fairbanks, because his yearly sojourn in Illinois is not temporary or transitory, he is a resident of Illinois, and is taxable on his entire net income.

AGENCY NOTE: If in the foregoing example, the facts are reversed so that Illinois is the state of original domicile and Alaska is the state in which the person is present for the indicated periods and purposes, X is not a resident of Illinois within the meaning of the law, because he is absent from Illinois for other than temporary or transitory purposes.

2) Example 2. Until the summer of 1969, Y admitted domicile in Illinois. At that time, however, to avoid the Illinois income tax, Y declared himself to be domiciled in Nevada, where he had a summer home. Y moved his bank accounts to banks in Nevada, and each year thereafter spent about three or four months in Nevada. He continued to spend six or seven months of each year at his estate in Illinois, which he continued to maintain, and continued his social club and business connections in Illinois. The months not spent in Nevada or Illinois he spent traveling in other states. Y is a resident of Illinois and is taxable on his entire net income, for his sojourns in Illinois are not for temporary or transitory purposes.

AGENCY NOTE: If, in the foregoing example, the facts are reversed so that Nevada is the state of his original domicile, and the state in which the person is present for the indicated periods and purposes, Y is not a resident of Illinois within the meaning of the law because he is absent from Illinois for other than temporary or transitory purposes.

3) Example 3. B and C, husband and wife, domiciled in Minnesota where they

maintain their family home, come to Illinois each November and stay here until the middle of March. Originally they rented an apartment or house for the duration of their stay here but three years ago they purchased a house here. The house is either rented or put in the charge of a caretaker from March to November. B has retired from active control of his Minnesota business but still keeps office space and nominal authority in it. He belongs to clubs in Minnesota, but to none in Illinois. He has no business interests in Illinois. C has little social life in Illinois, more in Minnesota, and has no relatives in Illinois. Neither B nor C is a resident of Illinois. The connection of each to Minnesota, the state of domicile, in each year is closer than it is to Illinois. Their presence here is for temporary or transitory purposes.

AGENCY NOTE: If, in the foregoing example, the facts are reversed so that Illinois is the state of domicile and B and C are visitors to Minnesota, B and C are residents of Illinois." 86 Ill. Adm. Code 100.3020(c).

¶ 22    The most challenging aspect of this case is the fact that the plaintiffs split their time roughly equally between Florida and Illinois. However, the above examples make clear that this level of time-splitting does not render individuals' presence in Illinois other than "temporary or transitory." In the first two examples above, the hypothetical individuals' three- to four-month yearly trips to another state do not affect their residency, because other factors regarding their intent are considered controlling. The third example is particularly telling. In this example, the hypothetical individuals spend over four months in Illinois and actually own a home in Illinois, but are nonetheless considered Minnesota residents because "[t]he connection of each to Minnesota *** in each year is closer than it is to Illinois." The same holds true here. Although the plaintiffs maintain some Illinois ties, including social club memberships and the continued ownership of their longtime home, the stipulated facts demonstrate their much stronger connection to Florida. As noted, they spend more money on Florida social clubs, hold drivers' licenses and residency cards in Florida, and vote in Florida. Mr. Cain uses a Florida telephone number. Although the ties between Illinois and their companies continue, the plaintiffs have distanced themselves from their companies. Likewise, although the plaintiffs' charitable foundation is still involved in Illinois causes, the plaintiffs have begun to shift its focus to Florida. The plaintiffs also spend more money in Florida than in Illinois, and they have purchased burial plots in Florida. All of these facts demonstrate the plaintiffs' much stronger connection to Florida than to Illinois. Based on the examples given in the regulations' definition of "temporary and transitory purpose," the regularity and duration of the plaintiffs' visits to Illinois do not affect their residency status in the face of this disparity in connections.

¶ 23    One last portion of the Department's regulations lends further support to our conclusion that the plaintiffs were not Illinois residents for purposes of the Act during the relevant period. After laying out the above definitions, the Department's regulations list types of evidence that may help to determine whether an individual is an Illinois resident. Those types of evidence include evidence of "voter registration, automobile or drivers license registration, filing an income tax return as a resident of another state, home ownership or rental agreements, club and/or organizational memberships and participation, telephone and/or other utility usage over a duration of time." 86 Ill. Adm. Code 100.3020(g)(1). Because we

have already described the plaintiffs' actions at length, we will not repeat those facts to discuss each of these types of evidence individually. Instead, we note that the balance of these factors leads us to conclude that, for purposes of the Act, the plaintiffs were residents of Florida, and not Illinois, during the relevant time period. For that reason, and for the reasons stated above, we reject the defendants' argument that the circuit court erred in granting summary judgment to the plaintiffs.

¶ 24 Although the plaintiffs have filed a cross-appeal, their cross-appeal is devoted to providing another, separate basis for excusing them from Illinois income tax for the relevant time period. In their brief, the plaintiffs explain that their cross-appeal "will be unnecessary to decide if [we] affirm[ ]" the circuit court's judgment. Because we do, indeed, affirm the circuit court's judgment, we dismiss the cross-appeal as moot.

¶ 25 For the foregoing reasons, we affirm the judgment of the circuit court and dismiss the plaintiffs' cross-appeal.

¶ 26 Affirmed; cross-appeal dismissed.